IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEEP, Inc., an Oregon corporation;

      Plaintiff,

      v.

JOHN NORDSTROM, an individual;

      Defendant.

_____

Case No. 6:20-cv-01673-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff LEEP, Inc., brings this action against Defendant John Nordstrom after LEEP removed, or attempted to remove, Nordstrom as a Director and CEO of LEEP. The parties briefed issues regarding the validity of the actions taken at the August 31, 2020 special shareholder meeting.

## BACKGROUND

LEEP is a publicly traded Oregon corporation with approximately 1,260 shareholders. Pl.'s Compl. ¶ 9, ECF No. 1; *id.* at ¶ 2. Defendant was appointed as CEO of LEEP and as a member of LEEP's Board of Directors in 2007. *Id.* at ¶ 14.

Russel C. Adams, Jr., one of four members of the LEEP Board of Directors, died in October 2015. *Id.* at ¶ 46. LEEP's bylaws require that a minimum of four Directors fill spots on the Board. *Id.* After Adams' death, Defendant failed to fill the vacant spot on the Board and stopped all communications with shareholders and other Board members. *Id.* at ¶¶ 47-48. From 2016 to 2020, Defendant failed to maintain LEEP's status as a corporation with the Oregon

1 – ORDER

Secretary of State, failed to call shareholder meetings, and failed to hold annual Board of Directors meetings in violation of LEEP bylaws. *Id.* at ¶¶ 49-51.

In May 2020, Scott Record, then a minority shareholder of LEEP, attempted to communicate with Defendant about actions Defendant purportedly took on LEEP's behalf. *Id.* at ¶ 58. Given Defendant's lack of communication and refusal to act with Board approval, Scott Record and other shareholders concluded that they had no choice but to remove Defendant as a Director and as CEO of LEEP. *Id.* at ¶ 59. On July 30, 2020, LEEP founder and Secretary Grant Record requested a copy of the shareholder list in writing. Grant Record Decl. ¶ 8; ECF No. 62. Defendant refused to provide the shareholder list and directed LEEP's transfer agent, Continental, to refuse to provide the shareholder list without Defendant's written consent. *Id.* at ¶¶ 9-10. On August 21, 2020, Grant Record caused a Notice to Issue concerning a special shareholder meeting, scheduled to convene on August 31, 2020. Pl.'s Compl. ¶ 60. At the special shareholder meeting, the shareholders appointed a new Board of Directors, who met and removed Defendant as CEO and Director and appointed Scott Record as CEO. *Id.* at ¶¶ 66-68.

Plaintiff maintains that the statutory and corporate requirements were followed at the August 31, 2020 special shareholder meeting and that the actions taken therein were valid. Conversely, Defendant argues that the failure to meet the requirements render all actions taken at the special shareholder meeting void.

## DISCUSSION

To validly call a special shareholder meeting, the holders of at least 10 percent of all shares eligible to vote on any issue proposed for consideration must sign, date, and deliver one or more written demands to the corporation's secretary that describe the purpose of the meeting. OR. REV. STAT. § 60.204 (1)(b) (2021). The LEEP bylaws state that special shareholder meetings

2 – ORDER

may be called at any time by the Board of Directors or by the holder of not less than one-tenth of all shares entitled to vote at such meeting. LEEP Bylaws, Art. 1, § 1.3. As of the record date, Defendant claimed that not less than 124,931,226 shares must be called to meet the 10 percent threshold. Def.'s Memo 7, ECF No. 59. Defendant asserts that the 10 percent threshold was not met, alleging that of the affidavits representing 297,645,705 shares submitted in support of calling the special shareholder meeting, 169,700,000 of those affidavits failed to adequately convey the purpose of the meeting. *Id.* Conversely, Plaintiff maintains that only 124,666,225 shares were needed to meet the 10 percent threshold, an accomplishment achieved by one shareholder alone. Pl.'s Rep. 4-5, ECF No. 75. Defendant concedes that Plaintiff had at least 128,475,705 shares that validly requested the special shareholder meeting. *Id.* at 4; *see* Def.'s Memo 7. Using either Plaintiff's or Defendant's calculations, because over 124,931,226 shares were validly called, the 10 percent threshold was satisfied.[1]

Once the 10 percent threshold has been met and the special meeting date has been fixed, a corporation is required to prepare a list of the names of each shareholder who is entitled to notice of a shareholders' meeting. OR. REV. STAT. § 60.224 (1) (2021). The corporation must make the list available at the meeting. § 60.224 (3). According to Defendant, because the meeting was invalidly called, neither the Board of Directors nor Defendant had a duty to provide the shareholder list. Def.'s Memo 9. Plaintiff asserts that Grant Record requested the shareholder list in writing, which Defendant denied. Pl.'s Memo 11. By denying Grant Record's written requests and instructing others to do the same, Defendant prevented Plaintiff from providing the shareholder list at the special shareholder meeting. *Id.* at 14. Under ORS § 60.224(5), however,

---

[1] Defendant argues the notification from John Ratkovich involving 58,135,705 shares were deficient based on "after the fact" alterations and disputes over whether Mr. Ratkovich was authorized to vote for those shares. Def. Memo. 3. Mr. Ratkovich, however, submitted a sworn declaration stating the notice was not later modified and that he was authorized to exercise voting rights for all those shares. Ratkovich Decl. ¶¶ 2-5.

refusal or failure to prepare or make available the shareholder list does not affect the validity of action taken at a meeting. Therefore, Defendant's refusal to provide the shareholder list, which rendered Plaintiff unable to provide an updated and accurate list at the meeting, does not render the actions taken void.[2]

Defendant argues that a quorum was not present at the shareholder meeting because a majority of eligible shareholders were not present to vote, in violation of ORS § 60.241. Gaines Decl. 2 Ex. 2, at 8 ¶¶ 14-18, ECF No. 64. According to ORS § 60.241 (1), unless the articles of incorporation provide for a lesser or greater number in accordance with ORS § 60.247, a quorum is made up of a majority of those entitled to vote on the matter. OR. REV. STAT. § 60.241 (1) (2021). The LEEP articles of incorporation, however, provides that one-third of the shares entitled to vote constitutes a quorum. LEEP Articles of Incorporation, Art. 4.

As of the August 20, 2020 Record Date, LEEP had 1,246,662,251 shares outstanding. Pl.'s Memo 4-5. Shareholders owning 447,533,284 voted at the August 31, 2020 special shareholder meeting. *Id.* at 5-6. This represents 35.9% of all outstanding shares. Because over one-third of the outstanding shares were present as required by LEEP's articles of incorporation, a quorum was met at the special shareholder meeting.

Defendant next asserts that the Board of Directors meeting during which Defendant was removed as a Director and CEO of LEEP was invalid because of a lack of quorum. Def.'s Memo 6. The shareholders, however, voted to elect a six-member Board of Directors. Pl.'s Memo 13. This complied with Plaintiff's bylaws, which allow for a Board of Directors consisting of between 4 to 9 members. LEEP Bylaws, Art. 2, § 2.2. A quorum of the new six-member Board

---

[2] Plaintiff sent notice of the special shareholder meeting "to shareholders Plaintiff could identify based on the information available." Grant Record Decl. ¶ 11.

4 – ORDER

of Directors is four directors, and because all six directors were present, a quorum was achieved. Pl.'s Memo 14.

Finally, Defendant alleges that because no two-day notice was given before his removal as CEO and Director, LEEP's bylaws were violated, and his removal was invalid. Gaines Decl. 2 Ex. 2, at 11, ¶¶ 2-9. A director's attendance or participation in a meeting waives this required notice unless the director objects to the waiver and does not assent to actions taken at the meeting. OR. REV. STAT. § 60.347 (2) (2021). All six of the new directors were present, and none of them objected to the meeting for lack of notice or failed to on any action taken at the meeting. Pl.'s Memo 13. LEEP bylaws also allow for a waiver of the two-day notice requirement imposed by ORS § 60.347 (2). LEEP Bylaws, Art. 7, § 7.5. The Board of Directors meeting during which Defendant was removed as a Director and CEO of LEEP did have a quorum, and Defendant's removal was valid.

## CONCLUSION

Because the statutory and corporate requirements for holding the August 31, 2020 special shareholder meeting were satisfied, the meeting at which Defendant was removed as Director was valid in all respects, and the action of the newly elected Board of Directors removing Defendant as CEO and appointing Scott Record as CEO was valid in all respects.

IT IS SO ORDERED.

DATED this 14th day of October 2021.

/s/ Michael McShane
Michael McShane
United States District Judge

5 – ORDER