IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEEP, Inc., an Oregon corporation;

       Plaintiff,

       v.

JOHN NORDSTROM, an individual;

       Defendant.

_____

Case No. 6:20-cv-01673-MC

OPINION AND ORDER

MCSHANE, Judge:

In an October 14, 2021 Opinion, ECF NO. 98, the Court concluded Plaintiff LEEP, Inc., removed Defendant John Nordstrom as Director and CEO of LEEP at the August 31, 2020 special shareholder meeting. The Court declared W. Scott Record is the lawful CEO of LEEP and ordered:

> f. that with respect to property of Plaintiff including, but not limited to, all business records whether electronic or in tangible form, tangible and intangible property, all intellectual property in any medium of expression, accounting records and records that are part of any past or present litigation or arbitration (collectively "Property"), Defendant and all representatives of the Plaintiff acting at the direction of Defendant, including, but not limited to, the Zielke Law Firm and any accountant or accounting firm accounting for Plaintiff's transactions, and all agents and representatives of Nordstrom who have in their possession or control any Property of Plaintiff shall turn over possession and/or control of such Property to W. Scott Record or his designee as soon as possible after the date of this Order and Judgment and not later than 30 days from the date of this Order and Judgment[.]

ECF No. 99, 4.

1 – ORDER

On December 1, 2021, Plaintiff moved for an emergency order that Defendant show cause why he is not in contempt of court for violating the Court's order that he turn over all of Plaintiff's property within 30 days. ECF No. 107. Plaintiff argues Plaintiff violated the order by:

> (1) failing to provide the location, including the address, telephone number and the name of the person in charge of the facility, of all Company facilities, including, but not limited to locations where Company products, engineering drawings and manuals are stored, produced or where products produced with Company technology are located, (2) failing to provide all the access credentials to the Company website so as to give complete control thereof to Company; (3) failing to provide access credentials to the Company's account at its transfer agent, Continental Stock Transfer & Trust ("Continental"), (4) failing to provide (A) any Company accounting records or information after 2013, and (B) the account number and records of all bank, investment, money market or financial accounts of any kind or nature (each an "Account") in the Company's name, and (5) failing to provide the identiy of any accountant or accounting firm accounting for Company transactions after 2013.

ECF No. 107, 3.

A party may be held in civil contempt if it disobeys a specific and definite court order by failing to take all reasonable steps within its power to comply. *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993). The party's failure to comply need not be willful. *In Re Crystal Palace Gambling Hall, Inc.,* 817 F.2d 1361, 1365 (9th Cir. 1987). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence. . . .'" *In re Dual-Deck*, 10 F.3d at 695 (citation omitted). The purpose of civil contempt is to coerce compliance with a court order or to compensate another party for the harm caused by the contemnor refusing to obey the order. *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986). The Court will not hold a party in contempt if the party is unable to comply with the court order. *In re Crystal Palace,* 817 F.2d at 1365.

The Court's order clearly directed Defendant to turn over all of Plaintiff's Property. Defendant simply failed to comply with the order. Through its own investigations, Plaintiff

learned of "an imminent delivery and sale of a Mail Screening Facility to Pernix Group, a Company customer that was not disclosed to Plaintiff." ECF No. 107, 6. Plaintiff also learned that Defendant provided the Pernix Group with "his own private email address as the means to communicate with the Company and is now failing to respond to inquiries about the project from Pernix and the government agency officials to which Pernix is delivering the Mail Screening Facility." ECF No. 107, 6. Defendant failed to provide information allowing Plaintiff to fully access the Company Website. Defendant failed to produce access credentials to access the Company's transfer agent. Plaintiff provided no bank records of any kind. Plaintiff failed to provide accounting records for any time after 2013. Plaintiff's arguments are supported by sworn declarations. Record Decl.; Gaines Decl.

      Remarkably, Defendant made no attempt, at all, to rebut Plaintiff's arguments regarding Defendant's willful violations of the Court's prior orders. Instead, Defendant waited until the last day to respond and, rather than rebut the arguments or demonstrate he has taken actions to turn over the required information, Defendant's attorneys moved not only to withdraw, but for an order extending the time for Defendant to respond by 60 days. ECF No. 110. Based on Defendant's complete absence of any explanation regarding his failure to turn over Plaintiff's property, the Court finds Defendant willfully violated the Court's order and therefore is in contempt of court.

      Defendant's motion to extend the time to respond to Plaintiff's motion for sanctions is DENIED. The Court will take counsel's motion to withdraw under advisement. Counsel is ORDERED to provide notice of this order to Defendant. Defendant is granted 10 days to purge his contempt. Defendant may purge his contempt by fully complying with the Court's October 14, 2021 Declaratory Order and Judgment. Defendant is now 30 days past the deadline to turn

over Plaintiff's property. He failed to respond, in any way, to Plaintiff's emergency motion. His contempt is clear. Should Defendant fail to purge his contempt within 10 days, the Court will set an emergency hearing in Eugene to discuss sanctions. Should Defendant fail to appear or comply, the Court will order the United States Marshals to secure Defendant's appearance in Eugene. The Court will consider holding Defendant in custody until he chooses to purge his contempt by turning over Plaintiff's property. It is clear Defendant does not believe the Court is taking this matter seriously. Should Defendant continue to willfully disobey this Court's orders, he will learn the Court takes this matter quite seriously.

    Additionally, Defendant is prohibited from communicating with any customer, contractor for, or employee or agent of the Company related to Plaintiff's products except in the presence of a representative of Plaintiff.

IT IS SO ORDERED.

    DATED this 14th day of December, 2021.

                                          /s/ Michael McShane
                                            Michael McShane
                                   United States District Judge