IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**LEEP, Inc.** an Oregon corporation,

                      Plaintiff,

     v.

**JOHN NORDSTROM**,

                      Defendant.

_____

**Case No. 6:20-cv-01673-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

      Defendant John Nordstrom seeks to dismiss all claims against him by Plaintiff LEEP Inc. and to compel arbitration between the two parties. Def.'s Mot. 2, ECF No. 146. Plaintiff argues Defendant waived his right to arbitration and his motion should be denied. Pl.'s Resp. 2, ECF No. 150. Because Defendant waited nearly two years before attempting to enforce the arbitration agreement, his motion to dismiss is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

Plaintiff filed this action nearly two years ago, arguing Defendant breached his fiduciary duties while serving as Plaintiff's Chief Executive Officer. One dispute centered on whether Plaintiff's attempt to remove Defendant as CEO during an August 2020 special shareholder meeting complied with Plaintiff's bylaws. One year into litigation, after extensive briefings, this Court ruled that the Board's removal of Defendant as CEO was legitimate. Op. & Order, ECF No. 98. This Court ordered the Defendant to return all company information, property, and electronics to the company. Order & J. ¶ f, ECF No. 99. When Defendant did not comply, this Court found him in civil contempt. Op. & Order, ECF No. 113. As noted, Defendant now moves to dismiss this action and enforce the arbitration agreement between the parties. Def.'s Mot. 2.

## DISCUSSION

Defendant's argument stems from his alleged employment agreement with the Plaintiff.[1] Nordstrom Decl., Ex. A, at 3, ECF No. 148. Specifically, the agreement provides:

> Any disputes, which cannot be settled [through negotiation and agreement], shall be conclusively determined by binding arbitration. Notwithstanding any other provision of law, in order to be enforceable a demand for arbitration must be served within two (2) years of the date on which a party discovers facts giving rise to a dispute. Any arbitration hearing shall be conducted in the county and state of the corporate headquarters of the Company. Judgments, arbitration or any other civil action may be entered into any court of competent jurisdiction.

Nordstrom Decl. Ex. A, at 7.

"The right to arbitration, like any other contract right, can be waived." *U.S. v. Park Place Assoc., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009). "Any examination of whether the right to compel

---

[1] Mainly due to Defendant's history in this litigation regarding production of documents and other discovery, Plaintiff does not concede that the agreement is valid. For the purpose of this opinion, the Court assumes, without deciding, that Defendant did not fabricate the employment agreement.

arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

When Defendant moved to compel arbitration, the law in the Ninth Circuit (and most other circuits) was clear: "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration from such inconsistent acts." *Id*. However, just one month ago, the Supreme Court unanimously held that a party arguing for the waiver of an arbitration agreement need not demonstrate any prejudice. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712 (May 23, 2022). Instead, waiver merely requires a showing that the waiving party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *Id.* at 1714.

Here, Nordstrom makes no argument that he was previously unaware of the arbitration agreement. And the Court finds his actions were clearly inconsistent with his right to compel arbitration. While "[t]here is no concrete test to determine whether a party has engaged in acts that are inconsistent with its right to arbitrate . . . a party's extended silence and delay in moving for arbitration may indicate a 'conscious decision to continue to seek judicial judgment on the merits of [the] arbitrable claims,' which would be inconsistent with a right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (alteration in original) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.3d 754, 759 (9th Cir. 1988).  In *Martin*, the court noted:

> Here, the defendants engaged in conduct inconsistent with their right to arbitrate.
> They spent seventeen months litigating the case. This included devoting
> "considerable time and effort" to a join stipulation structuring the litigation, filing
> a motion to dismiss on a key merits issue, entering into a protective order,

> answering discovery, and preparing for and conducting a deposition. The
> defendants did not even note their right to arbitration until almost a year into the
> litigation and did not move to enforce that right until well after that time. Indeed,
> fourteen months into the litigation, they told the district judge and opposing
> counsel that they were likely "better off" in federal court. We agree with the
> district court that the totality of these actions satisfies this element.

*Id.* at 1126 (footnote omitted).

Likewise, in *Van Ness Townhouses*, the court found that the defendant waived its right to arbitration because it "chose instead to litigate actively the entire matter—including pleadings, motions, and approving a pre-trial conference order—and did not move to compel arbitration until more than two years after the appellants brought the action." 862 F.2d at 759. Both cases are instructive and essentially compel the conclusion that Defendant waived any right to enforce the arbitration agreement.

Here, the Defendant actively litigated this case for two years before bringing a motion to compel arbitration. Defendant engaged in discovery, status conferences, and scheduling during that time. The parties engaged in extensive motions practice on the merits of Plaintiff's claims: i.e., the validity of the actions taken at the August 31, 2020 special shareholders meeting. The Court issued an opinion with findings and conclusion regarding that issue. ECF No. 98. The parties engaged in several rounds of briefings regarding Defendant's contempt of court. And one month before Defendant moved to compel arbitration, Plaintiff moved for partial summary judgment. ECF No. 143. The time to compel arbitration has long passed. If Defendant wanted to exercise his right to arbitration, he should have filed this motion nearly two years ago. Instead, with the lone exception of his motion to compel arbitration, all of Defendant's actions over the past two years have been inconsistent with any right to arbitrate. *Martin*, 829 F.3d at 1125. Indeed, Defendant's strategy with respect to arbitration appears to simply be a strategic ploy to

run out the clock on Plaintiff's claims. In his motion, Defendant notes that he "anticipates that the arbitration demand would be time-barred, because the agreement contains a two-year bar by its terms. But whether the arbitration demand is time-barred would be a question for the arbitrator." ECF No. 146, 11 n.4. The Court finds Defendant knowingly waived any alleged agreement to arbitrate.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Compel Arbitration, ECF No. 146, is DENIED.

IT IS SO ORDERED.

DATED this 30th day of June, 2022.

<u>/s/ Michael McShane</u>
**Michael J. McShane**
**United States District Judge**

5 – OPINION AND ORDER