IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LEEP, INC., an Oregon corporation,

       Plaintiff,

  v.

JOHN NORDSTROM, an individual,
AMERICAP CO., L.P., AMERICAP
TWO, AMERICAP THREE,
LAURENCE ZIELKE and ZIELKE
LAW FIRM,

       Defendants.

Case No. 6:20-cv-01673-MC

OPINION AND ORDER

**MCSHANE, Judge**:

      The current controversy involves Defendant Nordstrom's retention of the Zielke law firm to represent the interests of LEEP in a Kentucky arbitration proceeding. The arbitration occurred at a time when Nordstrom's legitimacy as CEO of LEEP, Inc., was in question. Plaintiff LEEP, Inc. alleges that the Zielke firm breached numerous duties by failing to recognize the removal of Nordstrom as CEO and by objection to Plaintiff's attempt to substitute alternative counsel at the

1 – OPINION AND ORDER

arbitration proceeding. Because Plaintiff fails to show that Zielke has sufficient minimum contacts in Oregon, Zielke's Motion to Dismiss (ECF No. 160) is GRANTED.[1]

## BACKGROUND

Plaintiff LEEP is a publicly traded corporation, organized in Oregon, with its principal place of business in Idaho. FAC ¶¶ 4, 11; Def. Zielke Mot. Dismiss, Ex. 1 ¶ 1. From 2007 until August 31, 2020, Defendant Nordstrom—a Kentucky resident—was on Plaintiff's Board of Directors as the Chief Executive Officer. FAC ¶¶ 5, 12. Defendant Zielki Law Firm is a law firm—organized in Kentucky, with its principal place of business in Kentucky. Defendant Zielke is an attorney-partner at Zielki Law Firm, admitted to practice law in Kentucky and Florida. FAC ¶¶ 9–10; Zielke Decl. ¶¶ 4, 7, ECF No. 160-5. In 2013, Nordstrom engaged Zielke. as counsel for Plaintiff and filed a lawsuit in Kentucky state court for claims arising from a joint business venture that was to be organized in Kentucky. FAC ¶¶ 60–61; Zielke Mot. Dismiss 10. The parties settled that action pursuant to a settlement agreement that included an arbitration provision for future disputes arising from any alleged breach of the agreement. FAC ¶¶ 70–71. The agreement also provided a cash payment to LEEP, with the funds being delivered to Nordstrom via Zielki Law Firm. . FAC ¶¶ 74–78. In August 2019, Zielke filed a demand for arbitration in Kentucky state court on Plaintiff's behalf. Pl.'s Resp. Mot. Dismiss 2, ECF No. 173.

On August 21, 2020, at a special shareholders meeting, Plaintiff's shareholders appointed a new Board of Directors. The new Board of Directors removed Nordstrom as CEO. FAC ¶¶ 97, 104–05. On September 13, 2020, Plaintiff provided Zielki notice of Nordstrom's removal, but

---

[1] Plaintiff names Laurence Zielke and the Zielki Law Firm as Defendants. Unless specifically stated otherwise, the Court generally refers to those Defendants interchangeably as Zielke or the Zielki Law Firm.

2 – OPINION AND ORDER

the change in leadership was contested by Nordstrom and ZielkeFAC ¶ 110; *see also* Opinion and Order, October 14, 2021, ECF No. 98. Plaintiff engaged Ziliak Law, LLC as counsel to represent Plaintiff in the arbitration proceedings before an American Arbitration Association arbitrator in Kentucky. FAC ¶¶ 114–15; Zielke Mot. Dismiss 11, Ex. 6, at 2. Ziliak filed an appearance in the arbitration proceeding, but the arbitrator required a stipulated order substituting counsel before it would recognize anyone other than Zielke as Plaintiff's counsel. FAC ¶ 116; Zielke Mot. Dismiss, Ex. 4, at 126. Zielki opposed the substitution of counsel, and the arbitrator decided the arbitration would continue with Zielki representing Plaintiff. FAC ¶¶ 121–22; Zielke Mot. Dismiss, Ex. 4, at 126. In December 2020, the arbitrator found partially in favor of and partially against Plaintiff and awarded the other party attorney's fees and costs. Zielke Mot. Dismiss 11, Ex. 6, at 2. In April 2021, on behalf of Plaintiff, Zielki filed suit to vacate or modify the arbitration award. Zielke Mot. Dismiss, Ex. 1. In October 2021, this Court determined that Plaintiff's change in leadership was valid, and Zielke withdrew as counsel from the arbitration litigation. Zielke Mot. Dismiss, Ex. 7; *see also* Opinion and Order 5, ECF No. 98.

Plaintiff alleges that Zielke breached the fiduciary duty to Plaintiff by refusing to acknowledge and accept the direction of Plaintiff's new CEO during the arbitration,[2] for failing to account for and deliver payments owed to LEEP,[3] for failing to insist the arbitration proceeding be postponed until the question of Plaintiff's governance was resolved,[4] and for delivering Plaintiff's funds to Nordstrom rather than Plaintiff.[5] FAC ¶ 3

---

[2] *See* FAC ¶¶ 258–64.
[3] *See* FAC ¶¶ 265–85.
[4] *See* FAC ¶¶ 262–63.
[5] *See* FAC ¶¶ 282–85.

3 – OPINION AND ORDER

## STANDARD OF REVIEW

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Although the plaintiff cannot 'simply rest on the bare allegations of its complaint,' uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

## DISCUSSION

Because there is no applicable federal statute governing personal jurisdiction, the Court looks to Oregon law. *See* Fed. R. Civ. P. 4(k)(1)(A). Oregon law authorizes personal jurisdiction to the fullest extent permitted by the Due Process Clause of the U.S. Constitution. *See* Or. R. Civ. P. 4L. To be consistent with due process, a plaintiff must show a defendant has "minimum contacts" with Oregon, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State," and that connection must arise out of contacts that the defendant created "with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Due process also demands that a defendant's contact with the forum state be *purposeful*, and not merely "random, fortuitous, or attenuated." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985).

A court can have personal jurisdiction over a defendant that is either specific or general, depending on the defendant's contacts with the forum state and the nature of the claim. *Schwarzenegger*, 374 F.3d at 801; *Helicopteros Nacionales de Colombia*, 466 U.S. 408, 414 (1984). A finding of general jurisdiction requires a defendant's contacts with the forum state be so "continuous and systematic" as to "'approximate physical presence' in the forum state." *Schwarzenegger*, 374 F.3d at 802 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)). And a court with general jurisdiction may require a defendant to answer for any of its activities, even if the cause of action does not arise from the defendant's contacts with the forum state. *Schwarzenegger*, 374 F.3d at 801; *Helicopteros Nacionales de Colombia*, 466 U.S. at 409. Here, Plaintiff concedes that this Court does not have general jurisdiction over Defendants Zielke, et al. Pl.'s Resp. 6.

A finding of specific personal jurisdiction requires a defendant to have less contacts with the forum state, but only with respect to a narrower class of claims. *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). For a court to exercise specific jurisdiction over a defendant, there must be "a connection between the forum and the specific claims at issue." *Bristol-Meyers Squibb Co. v. Superior Court*, 173 S. Ct. 1773, 1781 (2017). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290.

The Ninth Circuit has established a three-prong test for analyzing whether specific jurisdiction over a defendant is proper:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

5 – OPINION AND ORDER

2) The claim must be one which arises out of or relates to the defendant's forum-related activities.

3) The exercise of jurisdiction must comport with fair play and substantial justice.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff succeeds . . ., the burden then shifts to the defendant to present 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp.*, 471 U.S. at 476–78). Here, Zielke, et al. have one contact with Oregon—Plaintiff—and Plaintiff's claim arises out of that activity—Zielke, et al. and Plaintiff's attorney-client relationship. The inquiry is whether Zielke et al.'s contact with Plaintiff satisfies the first prong: "purposeful availment."

To satisfy the first prong, a plaintiff must show the defendant either purposefully availed himself of the privilege of conducting activities in the forum or purposefully directed his activities toward the forum. *Schwarzenegger*, 374 F.3d at 802. A purposeful availment analysis is applied most often in actions based in contract or when a defendant's tortious actions occur in the forum state. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 605 (9th Cir. 2018). A purposeful direction analysis applies in actions based in tort, "where the tort was committed outside the forum state." *Freestream Aircraft (Bermuda) Ltd.*, 905 F.3d at 605. Here, Plaintiff's claims sound in tort and the tort was committed outside of Oregon, so the Court proceeds with a purposeful direction analysis.

To show purposeful direction, a plaintiff must establish that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104,

6 – OPINION AND ORDER

1111 (9th Cir. 2002) (interpreting the effects test set forth by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984)). "However, the potential foreseeability of some incidental harm to Plaintiffs" in the forum state, due to Defendant's alleged conduct, "without more, does not show that Defendants expressly targeted the forum state." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th Cir. 2017). To establish "specific personal jurisdiction, a tort must involve the forum state itself, and not just have some effect on a party who resides there." *Morrill*, 873 F.3d at 1145.

The Court finds that Plaintiff has not satisfied the "purposeful direction" test. Zielke committed an intentional act—serving as Plaintiff's legal counsel—and Zielke knew the harm of any negligent representation would likely be suffered by Plaintiff in Oregon.[6] However, Zielke's conduct was not "expressly aimed at the forum state." Plaintiff fails to present any facts showing Zielke's contacts with Oregon apart from Zielke's attorney-client relationship with Plaintiff. By all accounts, the substance of that relationship and the alleged tortious conduct all took place in Kentucky. Zielke never represented Plaintiff in an Oregon court, never traveled to Oregon to meet with Plaintiff, never communicated with Plaintiff in Oregon. Zielke's only communication with Plaintiff was through Nordstrom, who lives in Kentucky. Neither Zielke nor any other attorney at Zielki Law Firm is admitted to practice law in Oregon. Plaintiff is the only link between Zielke and Oregon, and under *Walden* that is insufficient to establish specific personal jurisdiction.

Plaintiff argues that Zielke purposefully directed his activities toward Oregon through his actions as Plaintiff's counsel. First, Plaintiff asserts that Zielkes representation of Plaintiff went

---

[6] Even though Plaintiff's principal place of business has moved over the years, Plaintiff is incorporated in Oregon. *See* Pl.'s Resp. 11.

7 – OPINION AND ORDER

beyond the litigation and arbitration in Kentucky to more general representation of Plaintiff, representation that may have involved "questions of Oregon law." Pl.'s Resp. 1–3, 10. But even if Zielke represented Plaintiff in other matters, that fact does not show an additional purposeful contact with Oregon or a connection between Oregon and the specific claims at issue here. Rather, that fact shows Zielke merely had a "random, fortuitous, or attenuated" contact with Oregon because Nordstrom—a Kentucky resident—was referred to Zielke while seeking legal services—in Kentucky—on Plaintiff's behalf. FAC ¶ 60; Zielke Mot. Dismiss 9.

Second, relying on evidence of communications between Zielke and Nordstrom, Plaintiff asserts that Zielke instructed Nordstrom to defy Plaintiff's Board of Directors, thereby deliberately interjecting the firm into the issue of who controlled Plaintiff, deliberately interfering with Plaintiff's Board of Directors' authority to manage Plaintiff, and intending to deny Plaintiff's rights under Oregon law. *See* Record Decl. ¶ 24, Ex. 10, ECF No. 174.; Pl.'s Resp. 13–14. But that assertion relates to conduct that was purposefully directed toward Plaintiff, not conduct that was purposefully directed toward Oregon, the forum itself.[7] Plaintiff alleges no conduct that occurred in Oregon itself, no conduct that creates a substantial connection between Zielke and Oregon; rather, the suit-related conduct arises out of Zielke's contacts with an Oregon corporation, an insufficient basis for personal jurisdiction under *Walden*. Any mention of Oregon law or an Oregon state agency was due to *Plaintiff's* connections to Oregon and was not a result of Zielke's purposeful contacts with the state. *See* Pl.'s Resp. 14–16. And even if the alleged conduct had an effect on Plaintiff in Oregon, under *Walden,* mere injury to a forum resident is

---

[7] "The discussion below will demonstrate that Plaintiff's attorney client relationship with Defendants extended beyond the Kentucky litigations and that Defendants' conduct giving rise to Plaintiff's claims was specifically *directed at Plaintiff's rights under Oregon law and Plaintiff's activities in Oregon*." Pl.'s Resp. 1–2 (emphasis added).

8 – OPINION AND ORDER

not a sufficient connection to establish personal jurisdiction. In fact, Plaintiff's incorporation in Oregon is the only connection any Defendant, including Nordstom himself, has with the District of Oregon. But that lone connection does not mean, as Plaintiff would have the Court believe, that the Court has personal jurisdiction over any party whose actions taken in another state impact Plaintiff. Personal jurisdiction requires more.

Given the above, Zielke's representation of Plaintiff was not "expressly aimed" at Oregon. Itfollows that they did not "purposefully avail" themselves of the privilege of conducting activities in Oregon. Plaintiff's three claims as alleged in the complaint all relate to Zielke's conduct as Plaintiff's counsel in Kentucky. Ultimately, the Court must look to a defendant's actions and determine whether purposeful acts exist—expressly aimed at Oregon— that would make Oregon's exercise of jurisdiction proper. In this case, the Court finds no such acts.

## CONCLUSION

For the foregoing reasons, Defendants Zielke's Motion to Dismiss (ECF No. 160) for lack of personal jurisdiction[8] is GRANTED, and the claims against them are DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 5th day of December 2022.

                                                 /s/ Michael J. McShane
                                                       Michael McShane
                                                 United States District Judge

---

[8] Even if this Court has personal jurisdiction, venue in Oregon is improper because all of the acts or omissions giving rise to Plaintiff's claims occurred in Kentucky. *See* 28 U.S.C. § 1391(b)(2) (venue proper when "a substantial part of the events or omissions giving rise to the claim occurred" in the district). As noted above, no Defendant has any connection with Oregon other than the fact that Plaintiff happened to choose, many decades ago, to incorporate in Oregon.

9 – OPINION AND ORDER