IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**LEEP, Inc.** an Oregon corporation,

        Plaintiff,

v.

**JOHN NORDSTROM**,

        Defendant.

Case No. 6:20-cv-01673-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff LEEP Inc. moves for partial summary judgment against Defendant John Nordstrom. ECF No. 143. Specifically, LEEP moves for summary judgment on its claims of breach of contract and breach of fiduciary duty. Because genuine disputes of material fact exist, , LEEP's motion, ECF No. 143, is DENIED.

## **BACKGROUND**

The parties are familiar with the facts, and the Court does not belabor those here. LEEP alleges that Nordstrom, when acting as CEO of LEEP, breached his fiduciary and contractual duties to the company. Generally, LEEP describes these breaches as:

> (1) the failure to maintain accounting after 2013, (2) the failure to disclose to the other members of the Board of Directors relevant actions Nordstrom was taking

1 – OPINION AND ORDER

      on behalf of Plaintiff, including the non-disclosure agreement Defendant executed on behalf of Plaintiff pursuant to which he disclosed proprietary information, (3) the failure to disclose the settlement of the Original Suit and the terms of the settlement, (4) misrepresenting a key provision of the settlement to conceal Nordstrom's misappropriation of $760,000 of the settlement proceeds, and (5) the misappropriation of $760,000 of the settlement proceeds from the settlement of the Original Suit.

Pl.'s Repl, 2 ECF No. 151.

## STANDARD

The court must grant summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. 242, 247–48. Rather, the non-moving party must proffer evidence that could reasonably affect the outcome of the suit. *Miller*, 454 F.3d at 988.

## DISCUSSION

Nordstrom submitted a 36-paragraph declaration in response to LEEP's motion. Nordstrom Decl. ECF No. 145-1. This declaration, along with the August 21, 2009 Employment

2 – OPINION AND ORDER

Agreement Nordstrom submitted, creates genuine issues of material fact. For example, in contrast to LEEP's argument that Nordstrom breached his duty to maintain corporate records and SEC filings, Nordstrom states LEEP was "a pink sheet non-reporting company" and therefore exempt from filing quarterly reports or 10Ks. Nordstrom Decl. ¶ 23. Nordstrom states that he "typically would report to the Board of Directors via telephone" and "kept the shareholders and the Board informed about the status of the ongoing litigation and about important developments." Nordstrom Decl. ¶¶ 5, 14. In contrast to Plaintiff's allegations, Nordstrom states he "did not give proprietary information to OVC without the approval of the board of directors" and kept "the Board informed about the status of the ongoing litigation and about important developments." Nordstrom Decl. ¶¶ 12, 14. These declarations, submitted under threat of perjury, create genuine issues of material fact as to whether Nordstrom (1) had a duty to maintain filings with the SEC or (2) failed to keep the Board updated with respect to LEEP's operations.[1]

To be sure, LEEP will be permitted to present evidence to the jury indicating its interpretation of events is more believable than Nordstrom's. But at this stage, the Court must view all admissible evidence in the light most favorable to Nordstrom, the non-moving party. In Reply, LEEP submitted a phone call, allegedly from June 2018, between Nordstrom and Grant and Melanie Record. The Court takes no position at this time whether a recording of a phone call is admissible in an Oregon court when one party is unaware the call is being recorded. However, even assuming that recording is admissible, the inferences LEEP asks the Court to draw are questions for a jury to decide. The Court agrees with Nordstrom that context matters. It is not

---

[1] LEEP's own declarations acknowledge that when Nordstrom was first hired as CEO, LEEP was already delinquent on its SEC filings. Melanie Record Decl. ¶ 3; CM ECF No. 143-3.

3 – OPINION AND ORDER

clear, when viewed in the light most favorable to Nordstrom, whether Nordstrom intentionally misled the Records as to the settlement proceeds or, instead, whether Nordstrom genuinely believed that considering LEEP's debts and obligations, there was not a significant sum of money to be distributed to shareholders. In reaching this conclusion, the Court notes that Nordstrom "deferred a significant portion of [his] salary for several years in order to direct more of LEEP's case toward settling its debts favorably" and, as of August 2020, "LEEP owed [Nordstrom] more than $2.5 million in deferred salary." Nordstrom Decl. ¶ 24. Additionally, from 2013 until the settlement with OVC, "LEEP's assets were seized and the company did very little business."[2] Nordstrom Decl. ¶ 25. At this stage, the Court must view these facts in the light most favorable to Nordstrom.

Additionally, Nordstrom presents evidence that his actions as CEO are protected by the business judgment rule. Nordstrom argues:

> The business judgment rule is a 'presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.' *Crandon Capital Partners v. Shelk*, 219 Or. App. 16, 31, 181 P.3d 773 (2008) (internal citation omitted). 'A hallmark of the business judgment rule is that a court will not substitute its judgment for that of the board if the latter's decision can be attributed to any rational business purpose." *Id.* (citing *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 954 (Del. 1985). The business judgment rule generally operates to bar judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes. *Id.*

Resp. 12.

---

[2] On the call, Nordstrom indicated that although LEEP had 100,000-130,000 square feet of panels in storage, he was having a hard time making deals as other companies charged less per square foot (albeit for an inferior product). While Grant Record indicated he could bring in business in return for a higher commission from LEEP, there is no indication such sales took place.

At this stage, the Court agrees with Nordstrom that a genuine dispute exists over whether Nordstrom's actions are covered by the business judgment rule. Nordstrom's declaration states his "dealings with OVG were for the purpose of settling LEEP's debts and raising the necessary capital to pay those debts." Nordstrom Decl. ¶ 10. Nordstrom states "When I joined LEEP, it was heavily in debt. The bulk of my work for LEEP consisted of settling debts and raising capital to pay debts." Nordstrom Decl. ¶ 9. Nordstrom states he kept the Board informed of settlement negotiations with OVC and that the Board was "aware that proceeds from the LEEP v. OVC settlement would be used primarily for debt settlements and that some funds would also likely be used to compensate me for my efforts and back pay." Nordstrom Decl. ¶¶ 20-21. Again, at trial, LEEP will attempt to convince the jury that the weight of the evidence indicates Nordstrom's actions amounted to fraud and, correspondingly, the business judgment rule does not apply. But those questions are for another day.

Nordstrom also submitted a Unanimous Consent Resolution signed by Board members Russell Adams and Grant Record. Nordstrom Decl. 17-18. In that document, the Board authorized Nordstrom to negotiate and settle debts, raise equity capital, issue LEEP common stock to settle debts, "and to open bank accounts for the benefit of LEEP, Inc. at his discretion, as the only signatory." Nordstrom Decl. 17-18. "The Board recognizes that debt settlement is a key component to the future success and potential growth of LEEP, Inc., and wants to be assured that Mr. Nordstrom has the flexibility to accomplish that, and other tasks associated with the management of the future of LEEP, Inc." *Id.* LEEP responds by arguing that because Nordstrom failed to turn over minutes of Board meetings, and because Nordstrom submitted only two signatures from Board members, the Court should make an adverse inference that the resolution

5 – OPINION AND ORDER

is invalid because the full Board never adopted the resolution. The Court declines to make any adverse inference at this stage. Although LEEP moves for partial summary judgment, the Court understands that there has been little actual discovery to date. It appears that no party has taken any depositions.[3] Relatedly, Nordstrom's declaration states that because Nordstrom "relinquished all access to" his email accounts and personal computer, he is not able to access files or records "to find any invoices, records, communications, or files that would be there." Nordstrom Decl. ¶¶ 34-35. The Court notes that for much of this litigation, Nordstrom proceeded pro se. He currently has counsel. And he argues that under rule 56(d), the Court should deny or defer ruling on the pending motion until the close of discovery. Nordstrom argues:

> First, discovery has not been taken. Nordstrom has not been able to question LEEP's declarants about the context of the phone calls, email correspondence, and other documents they reference. He is not able to present company documents in LEEP's possession that may evidence communications with the Board, meeting minutes, or further consent resolutions. He is unable to produce documents evidencing LEEP's expenditures, debt settlements, and other activity that could refute LEEP's allegations and support Nordstrom's. . . . Until discovery occurs, Nordstrom is limited to his memory and those documents he may have retained outside of his personal computer, personal cellular phone, company email address, and company files.

Resp. 19.

The Court agrees. Even if Nordstrom had not presented admissible evidence demonstrating a genuine dispute of material fact, the Court would still allow him to go through the discovery process to obtain evidence necessary to defend the allegations and respond to LEEP's motion.

---

[3] Nordstrom apparently sat for one targeted, Court-ordered deposition.

Finally, the most concerning aspect of LEEP's motion appears, to the Court at least, to be the allegation that Nordstrom set up a personal bank account to receive settlement proceeds and never directed any of those funds to LEEP's own accounts. These are serious allegations. But at this stage, the Court turns again to Nordstrom's declarations stating: (1) he deferred his salary to ensure LEEP could pay its debts; (2) he never misappropriated LEEP's money for himself; (3) he never opened a LEEP-related bank account "for any purpose other than for the benefit of LEEP;" and (4) he never caused LEEP to pay more than his salary. At this stage, Nordstrom's declarations alone create a genuine dispute of material fact on this issue.

## CONCLUSION

LEEP's Motion for partial summary judgment, ECF No. 143, is DENIED.[4]

IT IS SO ORDERED.

DATED this 13th day of December, 2022.

/s/ Michael McShane
**Michael J. McShane**
**United States District Judge**

---

[4] LEEP also moves to recover $37,008.84 in costs and fees allegedly incurred in obtaining discovery the Court ordered Nordstrom to produce. ECF No. 132. LEEP's motion is DENIED at this time. The Court may consider any motions for fees or costs after final judgment, when the Court can consider the totality of each party's conduct in light of the litigation as a whole. Additionally, as noted above, Nordstrom is now represented by counsel. The Court may take that into consideration, along with everything else, after entry of final Judgment.

7 – OPINION AND ORDER